IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT WATERS, #336922 | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-14-2296 |
| STATE OF MARYLAND, et al | * | |
| Respondents | * | |
| | *** | |

**MEMORANDUM OPINION**

Respondents the State of Maryland, Maryland Parole Commission, and Suzanne Fisher, Warden of the Maryland, Reception, Diagnostic, and Classification Center, by their counsel, request dismissal of Robert Waters' ("Waters") Petition for Writ of Habeas Corpus. (ECF 5, 7) On September 15, 2014, the Court granted Petitioner twenty-eight days to reply. (ECF 6). The requisite time period has elapsed and no reply was filed. The court deems a hearing unnecessary. *See* Local Rule 105.6 (Md. 2011). For reasons to follow, the Petition will be dismissed without prejudice.

**BACKGROUND**

Waters, a prisoner in the custody of the Maryland Commissioner of Correction, filed a *pro se* petition under 28 U.S.C. § 2241, claiming that the Maryland Parole Commission is violating his constitutional rights by not conducting a timely hearing to determine whether he has violated the conditions of his release. (ECF 1). As relief, he requests vacatur of his parole retake warrant, release from his state detainer or bail, and a revocation hearing. *Id*., p. 3. On September 12, 2014, Respondents filed an Answer seeking dismissal of the Petition for lack of exhaustion.

Specifically, Respondents indicate that Waters has not filed any petitions in state court raising the issues presented in the Petition. (ECF 5, Ex. 1).

On October 9, 2014, Respondents filed a Supplemental Response in which they provided the following information. After a hearing on September 25, 2014, Commissioner Jasper Clay determined, based on Waters' admission, that he had violated rules 4 and 8 of his parole. Commissioner Clay revoked Waters' parole and awarded him credit, under Md. Ann. Code, Corr. Servs., § 7-401(d)(1), from November 10, 2011 to September 17, 2012. (ECF 7, Ex. 2). Respondents posit that Waters' request for relief, a revocation hearing, has been rendered moot. *See Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)) ("A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, §2, of the Constitution.)"

## DISCUSSION

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their State remedies before seeking federal habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief") (internal quotation marks omitted). Exhaustion allows development of a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 207 (2007).

This petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of

comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms*, 627 F.3d at 531 (applying exhaustion requirements to 2241 petition challenging civil commitment). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). As noted, Waters provides no evidence that he filed a habeas corpus petition in state court or otherwise satisfied the exhaustion requirement, and the Petition will be dismissed without prejudice. As Waters has received part of the relief he requested in the Petition, *i.e.* a revocation hearing, the Petition is also partially moot.

## CONCLUSION

The Petition will be dismissed without prejudice for lack of exhaustion. A Certificate of Appealability may issue only if there is a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 33553(c), and this standard has not been met. Accordingly, the Court declines to issue a Certificate of Appealability. A separate Order follows.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

October 31, 2014